GEORGE SIMNLER, BY HIS NEXT FRIEND, AUGUST SIMN-
LER, AND AUGUST SIMNLER, INDIVIDUALLY, PLAIN-
TIFFS, v. LYNN F. WOOLMAN, DEFENDANT.

Submitted October term, 1930—Decided June 24, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD and LLOYD.

For the rule, *William Herda Smith.*

*Contra, Charles Stockdell Gray.*

PER CURIAM.

The action in this case was brought to recover damages
for injuries to the plaintiff, George Simnler, arising out of a
collision between a bicycle ridden by him and an automobile
owned and operated by the defendant. There was a verdict
of $2,000 for the injured plaintiff and $1,500 for his father,
August Simnler. Defendant has a rule for new trial.

The principal grounds urged for making the rule absolute
are that the verdicts are contrary to the weight of the evi-
dence and that they are excessive in amount.

Our examination of the evidence leads us to the conclusion
that neither of these grounds is sufficient to justify a dis-

turbance of the verdicts. The injured plaintiff's proofs were that he, having proceeded westward along the northerly side of Vernon Terrace in East Orange, was in the act of turning to the right (north) on William street when defendant's car proceeding south turned out from behind another car and collided with the bicycle which the plaintiff was riding. These proofs further tended to show that in making the turn the bicycle was continuously near the right-hand curb of Vernon Terrace while in that highway and that in turning it remained near the easterly side of William street and that the defendant's car, in attempting to pass the car immediately in front of it, was on defendant's left-hand side of William street which brought his car into direct line with the bicycle of the plaintiff. These proofs the jury could fairly accept, and the verdicts were therefore not against the weight of the evidence on liability.

As to the injuries sustained, the evidence disclosed that the boy plaintiff was rendered unconscious and taken to a hospital where he remained three weeks; his injuries consisted of a concussion of the brain, a swelling around the neck which distorted the shape of his face, a fracture of the right collar bone, a fracture of the large bone of the arm between the shoulder and elbow and a resultant limitation of the motion of the arm. He was employed as an errand boy at $14 a week and was kept out of work by reason of the accident for several months, returning finally at reduced wages. It cannot be said under such proofs that the verdict of $2,000 in favor of George Simnler was excessive.

As to the award to the father, there was proof of bills incurred of over $500. This, together with the loss of wages, present and prospective, fairly justified the award in favor of the father.

Other reasons advanced for making the rule absolute concern alleged error in the court's rulings on evidence. These rulings were on questions submitted to the doctor regarding X-ray plates of the boy's injuries, questions directed to the physician intended to elicit information as to whether a limitation of motion which he found to exist was due to the

injuries sustained in the accident here involved or those due to a former accident, whether a condition of vertigo could be attributable to the injuries, and as to the reasonableness of a hospital bill. To some of these questions objection was not made until after the answers had been given; to others the objections were made in general terms without any reasons being advanced therefor. Even though we pass these defects and consider the merits of the contentions, we find no error in the court's rulings on the questions involved.

The rule for new trial will be discharged.